[No. S015264. Sept. 19, 1990.]

In re JOHN MICHAEL ROSS on Suspension.

COUNSEL

John Michael Ross, in pro. per., for Petitioner.

Diane C. Yu, Richard J. Zanassi, Colin P. Wong and William Davis for Respondent.

OPINION

**THE COURT.**—John Michael Ross, admitted to practice in 1977, was convicted of two counts of criminal contempt under title 18 United States Codes section 401. His conviction is now final.

We referred the matter to the State Bar for a hearing, report, and recommendation on the question whether the facts and circumstances surrounding the commission of the offenses involved moral turpitude or other misconduct warranting discipline and, if so found, the nature and extent of the discipline to be imposed. The State Bar's report has now been filed. The State Bar Court concluded that Ross's acts did not involve moral turpitude, but did constitute other misconduct warranting discipline. The State Bar recommends that Ross be suspended for two years, that execution of the suspension be stayed, and that he be placed on probation for two years on conditions including six months' actual suspension. Ross filed timely objections to the State Bar's recommendation and report, but did not make a timely request for oral argument. (Cal. Rules of Court, rule 951(d).)

■ This court, after reviewing the entire record and considering all the facts and circumstances, has concluded that Ross's conduct constituted misconduct warranting discipline and that he should be disciplined in accordance with the State Bar's recommendation.

It is therefore ordered that John Michael Ross be suspended from the practice of law in the State of California for a period of two years, that execution of that suspension be stayed, and that he be placed on probation for two years on all the conditions, including six months' actual suspension, set forth in the amended decision of the State Bar Court in this matter dated November 28, 1989, and filed with the State Bar Court Clerk's Office on November 29, 1989. It is also ordered that Ross take and pass the Professional Responsibility Examination within one year after the effective date of this order. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].) It is further ordered that Ross comply with rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the date of this order. (See Bus. & Prof. Code, § 6126, subd. (c).) This order is effective upon finality of this decision in this court. (See Cal. Rules of Court, rule 24(a).)

Petitioner's application for a rehearing was denied November 14, 1990.